# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WILLIAM C. RODEN, M.D., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 1:15-cv-00255 |
| | § | |
| THE PAUL REVERE LIFE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## **INDEX OF STATE COURT FILED DOCUMENTS**

|  |  | **Date Received / Filed** |
|---|---|---|
| 1. | Docket Sheet from Travis County, Texas, 419th Judicial District | N/A |
| 2. | Plaintiff's Original Petition | 3/6/15 |
| 3. | Citation Issued to The Paul Revere Life Insurance Company | 3/10/15 |
| 4. | Citation (Executed) to The Paul Revere Life Insurance Company | 3/16/15 |

Respectfully submitted,

By: /s/ Dennis M. Lynch
        Dennis M. Lynch
        State Bar No. 90001506
        dennis.lynch@figdav.com
        Roshanak Khosravighasemabadi
        State Bar No. 24048587
        rosh.khosravi@figdav.com

FIGARI & DAVENPORT, L.L.P.
3400 Bank of America Plaza
901 Main Street, LB 125
Dallas, Texas  75202-3796
(214) 939-2000
(214) 939-2090 (Facsimile)

ATTORNEYS FOR DEFENDANT
THE PAUL REVERE LIFE INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested, to Mr. Jon Michael Smith, 3305 Northland Drive, Suite 500, Austin, Texas 78731, on this the 3rd day of April, 2015.

/s/ Dennis M. Lynch
Dennis M. Lynch

1





2

3/6/2015 3:04:32 PM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-15-000887**

No. D-1-GN-15-000887

| | | |
|---|---|---|
| WILLIAM C. RODEN, M.D., | § | IN THE DISTRICT COURT OF |
|     Plaintiff | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| THE PAUL REVERE LIFE INSURANCE | § | |
| COMPANY, | § | |
|     Defendant | § | 419TH JUDICIAL DISTRICT |

### Plaintiff's Original Petition

TO THE HONORABLE COURT:

William C. Roden, M.D. ("Roden"), Plaintiff, respectfully files this original petition complaining of The Paul Revere Life Insurance Company, ("Paul Revere") and would show:

### I. Discovery Control Plan, Level 2

Pursuant to Texas Rule of Civil Procedure 190.3, this case is governed by Discovery Control Plan, Level 2.

### II. Nature of the Case

Dr. Roden's claim arises from Paul Revere's incorrect interpretation of his long term disability policy. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff states that he seeks damages within the jurisdictional limits of this court, specifically monetary relief over $200,000.00 but not more than $1,000,000.00 and non-monetary relief in the form of declaratory judgment relief.

### III.  Parties

Plaintiff is an individual residing in Georgia.

Defendant, The Paul Revere Life Insurance Company, is a foreign insurance company authorized to do business in Texas and that is doing business in Texas and may be served with citation by and through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

### IV.  Venue

Venue is proper in Travis County because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Travis County.  Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1).

### V.  Conditions Precedent

All conditions precedent to recovery have been met or have occurred.

### VI.  Facts of the Case

On February 21, 1989 defendant issued long term disability policy number 0102379911 to Dr. Roden.  The policy, as explained in defendant's letter of February 9, 1989, included coverage for "Total Disability in Your Occupation."  This means that Dr. Roden is considered Totally Disabled if, **because of injury or sickness**, he is unable to perform the important duties of "Your Occupation."  The letter went on to explain that "Your Occupation" means orthopedic surgeon for Dr. Roden and that if he was performing the important duties of an orthopedic surgeon immediately prior to the time disability begins, and then was unable to perform those

duties, Dr. Roden would be considered unable to perform the important duties of "Your Occupation" and would, therefore, be Totally Disabled as defined by the policy.

Dr. Roden purchased available additional benefits under the policy at significant additional monthly expense. Importantly, he purchased the "Lifetime Total Disability" benefit. Policy Schedule II states that for Injury and Sickness and for Total Disability starting before age 65, the maximum benefit period for Dr. Roden is his lifetime. In other words, if Dr. Roden became Totally Disabled before he turned 65 either because of injury or sickness, then defendant would be required to pay benefits to him for the remainder of his life.

Dr. Roden practiced as an orthopedic surgeon for more than thirty years before being injured on June 11, 2011. On that date Dr. Roden suffered a serious shoulder injury when he fell assisting his daughter move furniture. Prior to his accident, Dr. Roden was able to perform the important duties of his occupation as an orthopedic surgeon. Afterward, despite his attempts to rehabilitate his shoulder, Dr. Roden was no longer able to perform the important duties of his occupation.

The Lifetime Total Disability Benefit Rider distinguishes between a Total Disability due to Injury and a Total Disability due to Sickness as follows:

**FOR INJURY**

For Total Disability due to Injury, the monthly amount We will pay will be the amount shown on the Policy Schedule. Any Cost of Living benefit rider added to Your Policy shall apply to this amount.

**FOR SICKNESS**

For Total Disability due to Sickness, the monthly amount We will pay will be based on the amount shown on the Policy Schedule. Any Cost of Living benefit rider added to Your Policy shall apply to this amount. The amount shown on the Policy Schedule plus any Cost of Living increase that applies to this rider shall be multiplied by a factor. The factor to be used will be based on Your age at the start of Total Disability which continues until age 65.

## Factors by age for Total Disability due to Sickness

| | |
|---|---|
| 1.0 for 55 or less | .5 for 60 |
| .9 for 56 | .4 for 61 |
| .8 for 57 | .3 for 62 |
| .7 for 58 | .2 for 63 |
| .6 for 59 | .1 for 64 |

Defendant has taken the position that Dr. Roden's Total Disability is due to Sickness instead of Injury. By making that determination, defendant has reduced the amount it is going to pay Dr. Roden by 70%.

"Injury" is defined as "accidental bodily injury sustained after the Date of Issue and while Your Policy is in force." "Sickness" is defined as "sickness or disease which first manifests itself after the Date of Issue and while Your Policy is in force."

The policy attempts to answer the question, "What if a disability is due to more than one cause?" as posed on page 13. Section 6.2 of the policy discusses the possibility of "Concurrent Disability" and states that, "If a disability is caused by more than one Injury or Sickness, or from both, We will pay benefits as if the Disability was caused by only one Injury or Sickness."

Dr. Roden's Total Disability is clearly due to his injury in June of 2011. However, defendant has taken the position that his Total Disability is due solely to Sickness. Defendant has also improperly calculated Dr. Roden's benefits. Dr. Roden has appealed defendant's decisions in this regard, but his appeal was denied.

## VII. First Cause of Action: Breach of Contract

Defendant's actions amount to a breach of contract between Dr. Roden and Paul Revere. Dr. Roden applied for and was accepted for insurance coverage by Defendant. He paid the

-4-

required premiums, entering into a binding contract for insurance with Paul Revere. Paul Revere breached the contract by deciding that Dr. Roden's Total Disability was due to Sickness and not Injury and by incorrectly calculating his benefits. Dr. Roden is entitled to recover his actual damages, court costs and reasonable and necessary attorney's fees pursuant to Texas Civil Practice & Remedies Code, Section 38.001, et seq.

### VIII.  Second Cause of Action: <u>Texas Insurance Code Section 541.060</u>

Defendant's actions as described above amount to Unfair Settlement Practices as defined by Texas Insurance Code, Section 541.060. Specifically, defendant has misrepresented facts and policy provisions and has failed to attempt in good faith to settle a claim on which liability has become clear. Defendant's violations have been a producing cause of damages to Dr. Roden. Because Defendant has acted knowingly, Dr. Roden is entitled to an additional award of three times his actual damages. Texas Insurance Code, Section 541.152(b). He is also entitled to his reasonable and necessary attorney's fees.

### IX.  Third Cause of Action: <u>Texas Insurance Code Sections 542.051-061</u>

Defendant's actions also amount to a violation of Texas Insurance Code, Sections 542.051-061. As such, Plaintiff is entitled to 18% per annum in addition to the amount of his claim, plus attorneys' fees.

### X.  <u>Request for Declaratory Judgment</u>

Pursuant to Texas Civil Practice & Remedies Code, Section 37.001, et seq., Dr. Roden seeks a declaration from this Court, including, but not limited to the following: (1) that his Total

Disability was caused by an Injury; (2) and that Dr. Roden is entitled to receive his full monthly

benefit under the policy for his lifetime. Additionally, Dr. Roden seeks his reasonable and

necessary attorney's fees pursuant to the Declaratory Judgment Act.


## XI. The Policy is Ambiguous

In the alternative, Dr. Roden's pleads that the insurance policy made the basis of this

lawsuit is ambiguous.

Specifically, the policy states that, "If a disability is caused by more than one Injury or

Sickness, or from both, We will pay benefits as if the Disability was caused by only one Injury or

Sickness." But the policy does not say what happens if it is determined that a disability is caused

by both an Injury and a Sickness. It is reasonable to interpret the policy to mean that if a Total

Disability is due to both an injury and an illness, then Paul Revere will pay benefits as if the

Disability was caused by the injury. Because at least one reasonable interpretation would favor

Dr. Roden, that is the interpretation that must be followed in this case.


## XII. Jury Demand

Plaintiff has requested that this case be decided by a jury as allowed by Tex. R. Civ. P.

216. The appropriate jury fee has been paid.


## XII. Prayer

Plaintiff prays that upon final trial of this case he have judgment against Defendant for

actual damages, an additional three times his actual damages, reasonable and necessary

attorney's fees, pre-judgment and post-judgment interest, costs of court and such other relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

JON MICHAEL SMITH
State Bar No. 18630750
3305 Northland Drive
Suite 500
Austin, Texas 78731
512/371-1006
512/476-6685 fax

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ COURT *(FOR CLERK USE ONLY):* _____

STYLED William C. Roden, M.D. v. The Paul Revere Life Insurance Company

_____
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Jon M. Smith <br> **Email:** jon@jonmichaelsmith.com | **Plaintiff(s)/Petitioner(s):** <br><br> William C. Roden, M.D. | ☑ Attorney for Plaintiff/Petitioner <br> ☐ *Pro Se* Plaintiff/Petitioner <br> ☐ Title IV-D Agency <br> ☐ Other: |
| **Address:** 3305 Northland Drive Ste 500 <br> **Telephone:** 512-371-1006 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Austin, Texas 78731 <br> **Fax:** 512-476-6685 | **Defendant(s)/Respondent(s):** <br><br> The Paul Revere Life Insurace Co | **Custodial Parent:** <br><br> **Non-Custodial Parent:** |
| **Signature:** Jon Smith <br> **State Bar No:** 18630750 | *[Attach additional page as necessary to list all parties]* | **Presumed Father:** |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law |
|---|---|---|---|

| Contract | Injury or Damage | Real Property | Marriage Relationship | Post-Judgment Actions (non-Title IV-D) |
|---|---|---|---|---|
| *Debt/Contract* <br> ☐ Consumer/DTPA <br> ☑ Debt/Contract <br> ☐ Fraud/Misrepresentation <br> ☐ Other Debt/Contract: <br><br> *Foreclosure* <br> ☐ Home Equity—Expedited <br> ☐ Other Foreclosure <br> ☐ Franchise <br> ☐ Insurance <br> ☐ Landlord/Tenant <br> ☐ Non-Competition <br> ☐ Partnership <br> ☐ Other Contract: | ☐ Assault/Battery <br> ☐ Construction <br> ☐ Defamation <br> *Malpractice* <br>   ☐ Accounting <br>   ☐ Legal <br>   ☐ Medical <br>   ☐ Other Professional <br>     Liability: <br><br> ☐ Motor Vehicle Accident <br> ☐ Premises <br> *Product Liability* <br>   ☐ Asbestos/Silica <br>   ☐ Other Product Liability <br>     List Product: <br><br> ☐ Other Injury or Damage: | ☐ Eminent Domain/ <br>   Condemnation <br> ☐ Partition <br> ☐ Quiet Title <br> ☐ Trespass to Try Title <br> ☐ Other Property: <br><br> **Related to Criminal Matters** <br> ☐ Expunction <br> ☐ Judgment Nisi <br> ☐ Non-Disclosure <br> ☐ Seizure/Forfeiture <br> ☐ Writ of Habeas Corpus— <br>   Pre-indictment <br> ☐ Other: | ☐ Annulment <br> ☐ Declare Marriage Void <br> *Divorce* <br>   ☐ With Children <br>   ☐ No Children <br><br> **Other Family Law** <br> ☐ Enforce Foreign <br>   Judgment <br> ☐ Habeas Corpus <br> ☐ Name Change <br> ☐ Protective Order <br> ☐ Removal of Disabilities <br>   of Minority <br> ☐ Other: | ☐ Enforcement <br> ☐ Modification—Custody <br> ☐ Modification—Other <br><br> **Title IV-D** <br> ☐ Enforcement/Modification <br> ☐ Paternity <br> ☐ Reciprocals (UIFSA) <br> ☐ Support Order <br><br> **Parent-Child Relationship** <br> ☐ Adoption/Adoption with <br>   Termination <br> ☐ Child Protection <br> ☐ Child Support <br> ☐ Custody or Visitation <br> ☐ Gestational Parenting <br> ☐ Grandparent Access <br> ☐ Parentage/Paternity <br> ☐ Termination of Parental <br>   Rights <br> ☐ Other Parent-Child: |

| Employment | Other Civil | | |
|---|---|---|---|
| ☐ Discrimination <br> ☐ Retaliation <br> ☐ Termination <br> ☐ Workers' Compensation <br> ☐ Other Employment: | ☐ Administrative Appeal <br> ☐ Antitrust/Unfair <br>   Competition <br> ☐ Code Violations <br> ☐ Foreign Judgment <br> ☐ Intellectual Property | ☐ Lawyer Discipline <br> ☐ Perpetuate Testimony <br> ☐ Securities/Stock <br> ☐ Tortious Interference <br> ☐ Other: | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal <br> ☐ Tax Delinquency <br> ☐ Other Tax | *Probate/Wills/Intestate Administration* <br> ☐ Dependent Administration <br> ☐ Independent Administration <br> ☐ Other Estate Proceedings | ☐ Guardianship—Adult <br> ☐ Guardianship—Minor <br> ☐ Mental Health <br> ☐ Other: |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court <br> ☐ Arbitration-related <br> ☐ Attachment <br> ☐ Bill of Review <br> ☐ Certiorari <br> ☐ Class Action | ☐ Declaratory Judgment <br> ☐ Garnishment <br> ☐ Interpleader <br> ☐ License <br> ☐ Mandamus <br> ☐ Post-judgment | ☐ Prejudgment Remedy <br> ☐ Protective Order <br> ☐ Receiver <br> ☐ Sequestration <br> ☐ Temporary Restraining Order/Injunction <br> ☐ Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☑ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

## THE LAWYER REFERRAL SERVICE OF CENTRAL TEXAS
*A Non-Profit Corporation*

---

# IF YOU NEED A LAWYER
# AND DON'T KNOW ONE,
# THE LAWYER REFERRAL SERVICE
# CAN HELP

## 512-472-8303
### 866-303-8303 (toll free)
### www.AustinLRS.com

**Weekdays 8:00 am to 4:30 pm**
**$20.00 for first half hour attorney consultation**
**(free consultations for personal injury, malpractice, worker's compensation,
bankruptcy, and social security disability)**

This service is certified as a lawyer referral service as required by the State of Texas
under Chapter 952, Occupations Code. Certificate No. 9303

---

# SI USTED NECESITA EL CONSEJO DE UN
# ABOGADO Y NO CONOCE A NINGUNO
# PUEDE LLAMAR
# A LA REFERENCIA DE ABOGADOS

## 512-472-8303
### 866-303-8303 (llame gratis)
### www.AustinLRS.com

**Abierto de lunes a viernes de 8:00 am-4:30 pm**
**$20.00 por la primera media hora de consulta con un abogado**
**(la consulta es gratis si se trata de daño personal, negligencia,
indemnización al trabajador, bancarrota o por incapacidad del Seguro Social)**

This service is certified as a lawyer referral service as required by the State of Texas
under Chapter 952, Occupations Code. Certificate No. 9303

3

DELIVERED: _3_ / _10_ / _15_
by: _____ _GC_
**Assured Civil Process Agency**

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-15-000887**

WILLIAM C. RODEN, M.D.

, Plaintiff

vs.
THE PAUL REVERE LIFE INSURANCE COMPANY

, Defendant

TO:   PAUL REVERE LIFE INSURANCE COMPANY
      BY SERVING THROUGH ITS REGISTERED AGENT
      CORPORATION SERVICE COMPANY
      211 EAST 7TH STREET SUITE 620
      AUSTIN, TEXAS 78701-3218

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on MARCH 6, 2015 in the 419TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, March 10, 2015.

REQUESTED BY:
JON MICHAEL SMITH
3305 NORTHLAND DR STE 500
AUSTIN, TX 78731-4991
BUSINESS PHONE:(512)371-1006  FAX:(512)476-6685

Velva L. Price
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX 78701**

PREPARED BY: WINKLER PATRICIA

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at
_____ within the County of _____ on the _____ day
of _____, _____, at _____ o'clock ____M.,
by delivering to the within named _____, each in person, a
true copy of this citation together with the **PLAINTIFF'S ORIGINAL PETITION** accompanying pleading, having first
attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

D-1-GN-15-000887                    SERVICE FEE NOT PAID                    P01 - 000028051

☐ Original          ☐ Service Copy

4

Filed in The District Court
of Travis County, Texas

MAR 16 2015

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-15-000887**

At _____ 3:40 _____ P.M.

Velva L. Price, District Clerk

WILLIAM C. RODEN, M.D.

, Plaintiff

vs.

THE PAUL REVERE LIFE INSURANCE COMPANY

, Defendant

TO:   PAUL REVERE LIFE INSURANCE COMPANY
      BY SERVING THROUGH ITS REGISTERED AGENT
      CORPORATION SERVICE COMPANY
      211 EAST 7TH STREET SUITE 620
      AUSTIN, TEXAS 78701-3218

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the <u>PLAINTIFF'S ORIGINAL PETITION</u> of the <u>PLAINTIFF</u> in the above styled and
numbered cause, which was filed on <u>MARCH 6, 2015</u> in the <u>419TH JUDICIAL DISTRICT COURT</u> of Travis
County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, March 10, 2015.

REQUESTED BY:
JON MICHAEL SMITH
3305 NORTHLAND DR STE 500
AUSTIN, TX 78731-4991
BUSINESS PHONE: (512) 371-1006   FAX: (512) 476-6685



003938866

Velva L. Price
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX  78701**

PREPARED BY: WINKLER PATRICIA

-- - -- - -- - -- - -- - -- -- R E T U R N -- - -- - -- - -- - -- - -- -

Came to hand on the _____ day of _____, _____ at _____ o'clock _____M., and executed at
_____ within the County of _____ on the _____ day
of _____, _____, at _____ o'clock _____M.,
by delivering to the within named _____, each in person, a
true copy of this citation together with the <u>PLAINTIFF'S ORIGINAL PETITION</u> accompanying pleading, having first
attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of
delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

Sheriff / Constable / Authorized Person

By: _____

Printed Name of Server _____

_____ County, Texas

D-1-GN-15-000887

☐   Original      ☐   Service Copy

SERVICE FEE NOT PAID

P01 - 000028051

CAUSE NO.     <u>D-1-GN-15-000887</u>

# RETURN

**Came to my hand:** __3/10/2015__ , at __09:00__ o'clock __A.M.__ , the following specified documents:

- **Citation**
- **Plaintiff's Original Petition**
- **Jury Demand**
- **Civil Case Information Sheet**

**and executed by me on:** __3 / 10 /2015__ , at __3:46__ o'clock __PM__ , at

<u>211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701</u>, within the county of TRAVIS, by delivering to <u>PAUL REVERE LIFE INSURANCE COMPANY</u>, by delivering to its registered agent, <u>CORPORATION SERVICE COMPANY</u>, by delivering to managing agent/employee __SUE VERTREES__ , in person, a true copy of the above specified documents having first endorsed on such copy the date of delivery.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit, and I declare under penalty of perjury that the foregoing is true and correct.

**Authorized Person:** GEORGE L. CASTILLO ; SCH1440
**Expiration Date:** __8 / 31 /20 17__
**ASSURED CIVIL PROCESS AGENCY**
**5926 Balcones Dr. Ste. 290, Austin, TX 78731**

**STATE OF TEXAS   }**

## VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements and facts therein contained are within his personal knowledge and experience to be true and correct. Given under my hand and seal of office on this the 11th day of __MARCH__ , 2015

DANA L. MCMICHAEL
Notary Public, State of Texas
My Commission Expires
April 21, 2016

**Notary Public**